IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Case No.

THE STATE OF FLORIDA, *ex rel.*
Bill McCollum, Attorney General

      Plaintiff,

vs.

THE UNITED STATES, THE
UNITED STATES DEPARTMENT
OF THE INTERIOR, and DIRK
KEMPTHORNE, in his official
capacity as Secretary of the United
States Department of the Interior,

      Defendant.

_____/

COMPLAINT FOR
DECLARATORY JUDGMENT

      The State of Florida, *ex rel.* Bill McCollum, Attorney General, sues the

United States, the United States Department of the Interior and Dirk Kempthorne

in his official capacity as the Secretary of the United States Department of the

Interior and states:

      1. This is an action for a declaratory judgment seeking a declaration that the

Gaming Compact purportedly between the State of Florida and the Seminole Tribe

of Florida, approved by Defendants, is invalid as a matter of federal law because

of the uncertainty and therefore notice of said Compact cannot be published in the

Federal Register by

the Secretary and seeking an injunction prohibiting the Secretary from publishing

the compact in the federal register thereby making it effective.

2. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 2201 to

issue the requested declaration and injunction.

3. Plaintiff is the State of Florida, one of the sovereign states of the United

States on the relation of its Attorney General, Bill McCollum.

4. Defendants are the United States, the United States Department of the

Interior and the Secretary of the Department of the Interior. Pursuant to 25 U.S.C.

§ 2710(d)(8), the Secretary is authorized to approve any Tribal-State compact

entered into between an Indian tribe and a State governing gaming on Indian lands

of such Indian tribe. If the Secretary does not approve or disapprove a compact

within 45 days after the date on which the compact is submitted for approval, the

compact is deemed approved to the extent it is consistent with the provisions of

the Indian Gaming Regulatory Act, 25 U.S.C. § 2710, *et seq.* [IGRA]. 25 U.S.C.

§ 2710(d)(8)(C)

5. On November 14, 2007, the Governor of Florida and the Seminole Tribe

of Florida executed a Tribal-State gaming compact pursuant to 25 U.S.C.

2

§ 2710(d)(3) ["Compact"] and on information and belief, said Compact was submitted to the Secretary for approval pursuant to 25 U.S.C. § 2710(d)(8) on November 19, 2007.

6. On January 4, 2008, on information and belief, the Secretary will have failed to approve or disapprove the Compact, and therefore it will be deemed approved by operation of law. 25 U.S.C. § 2710(d)(8)(C)

7. Before the Compact can be effective, the Secretary must publish in the Federal Register notice of any Tribal-State compact that is approved, or considered to have been approved. 25 U.S.C. § 2710(d)(8)(D)

8. IGRA imposes two requirements for a compact to authorize class III gaming--the compact must be validly entered into by the state and the tribe, and it must be in effect pursuant to Secretarial approval. State law must determine whether a state has validly bound itself, i.e. "entered into," to a compact. The State and Tribe must be validly bound under State law as a condition precedent to Secretarial approval and publication making the compact effective.

9. The Compact submitted to Defendant Secretary was executed by the Governor of Florida and the representative of the Seminole Tribe of Florida. The authority of the Governor of Florida to execute the Compact and bind the State has been challenged by the filing of a Petition for Writ of Quo Warranto in the Florida

Supreme Court by the Speaker of the Florida House of Representatives. *Florida House of Representatives v. Crist*, case no. 07-2154 (Florida Supreme Court). *See* http://www.floridasupremecourt.org/pub_info/summaries/briefs/07/07-2154/index .html By this action, the Plaintiff expresses no opinion on the issues pending before the Florida Supreme Court. Rather it is the uncertainty created by the pendency of the Speaker's challenge that makes the Compact invalid and unpublishable as a matter of federal law.

10. Given that the question of the validity of the Compact under State law has been raised and will be resolved by the Florida Supreme Court, the Compact submitted to the Secretary is not valid as a matter of federal law and can not be made effective by publication in the Federal Register.

11. Because the issue of the validity of the Compact under State law is currently pending before the Florida Supreme Court, a condition precedent to a valid compact is missing. When a compact is submitted to the Secretary, there is a presumption that it is valid under State law. The Secretary is not required or expected to make independent determinations of the validity of compacts under State law. However, when a substantial question of State law is raised prior to publication, the Secretary cannot rely on any such presumption and he cannot publish the required notice because, as a matter of federal law, the Compact is not valid for purposes of IGRA.

12.  Therefore, notice of the Compact cannot be legally published in the federal register making the Compact effective.

13.  Plaintiff is therefore entitled to an injunction prohibiting the publication of the notice required by 25 U.S.C. § 2710(d)(8)(D).

WHEREFORE, Plaintiff, the State of Florida *ex rel*. Attorney General, Bill McCollum, respectfully requests that this Court issue a declaratory judgment declaring that the Compact presented to the Secretary for approval is invalid as a matter of federal law and that this Court issue a preliminary and permanent injunction prohibiting the Secretary from publishing notice of the Compact in the Federal Register making it effective pursuant to 25 U.S.C. § 2710(d)(8)(D).  If the Florida Supreme Court ultimately determines that the Governor acted within his authority to bind the State to the Compact, then Defendants can seek to dissolve the injunction thereby allowing publication of the Compact.

Respectfully submitted this 26 Day of December , 2007.

BILL McCOLLUM
ATTORNEY GENERAL

Jonathan A. Glogau
Chief, Complex Litigation
Fla. Bar No. 371823
PL-01, The Capitol
Tallahassee, FL 32399-1050
850-414-3300, ext. 4817
850-414-9650 (fax)
jon.glogau@myfloridalegal.com

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| THE STATE OF FLORIDA | THE UNITED STATES, THE UNITED STATES DEPARTMENT OF THE INTERIOR, and DIRK KEMPTHORNE, in his official capacity as Secretary of the United States Department of the Interior |

98988

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___ Leon County, Flori ___ (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

BILL McCOLLUM
ATTORNEY GENERAL
Jonathan A. Glogau
Chief, Complex Litigation
PL-01, The Capitol
Tallahassee, FL 32399-1050
850-414-3300, ext. 4817

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-02326
Assigned To : Friedman, Paul L.
Assign. Date : 12/27/2007
Description: TRO/PI

**II. BASIS OF JURISDICTION**

(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

◉ 2 U.S. Government Defendant

○ 3 Federal Question (U.S. Government Not a Party)

○ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES**

FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ○ A. Antitrust | ○ B. Personal Injury/ Malpractice | ○ C. Administrative Agency Review | ⊗ D. Temporary Restraining Order/Preliminary Injunction |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane ☐ 315 Airplane Product Liability ☐ 320 Assault, Libel & Slander ☐ 330 Federal Employers Liability ☐ 340 Marine ☐ 345 Marine Product Liability ☐ 350 Motor Vehicle ☐ 355 Motor Vehicle Product Liability ☐ 360 Other Personal Injury ☐ 362 Medical Malpractice ☐ 365 Product Liability ☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act **Social Security:** ☐ 861 HIA ((1395ff)) ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g) ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) **Other Statutes** ☐ 891 Agricultural Acts ☐ 892 Economic Stabilization Act ☐ 893 Environmental Matters ☐ 894 Energy Allocation Act ⊗ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment. *(If Antitrust, then A governs)* |

| ○ E. General Civil (Other) | OR | ○ F. Pro Se General Civil | |
|---|---|---|---|
| **Real Property** ☐ 210 Land Condemnation ☐ 220 Foreclosure ☐ 230 Rent, Lease & Ejectment ☐ 240 Torts to Land ☐ 245 Tort Product Liability ☐ 290 All Other Real Property **Personal Property** ☐ 370 Other Fraud ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage ☐ 385 Property Damage Product Liability | **Bankruptcy** ☐ 422 Appeal 28 USC 158 ☐ 423 Withdrawal 28 USC 157 **Prisoner Petitions** ☐ 535 Death Penalty ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition **Property Rights** ☐ 820 Copyrights ☐ 830 Patent ☐ 840 Trademark **Federal Tax Suits** ☐ 870 Taxes (US plaintiff or defendant ☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty** ☐ 610 Agriculture ☐ 620 Other Food &Drug ☐ 625 Drug Related Seizure of Property 21 USC 881 ☐ 630 Liquor Laws ☐ 640 RR & Truck ☐ 650 Airline Regs ☐ 660 Occupational Safety/Health ☐ 690 Other **Other Statutes** ☐ 400 State Reapportionment ☐ 430 Banks & Banking ☐ 450 Commerce/ICC Rates/etc. ☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations ☐ 480 Consumer Credit ☐ 490 Cable/Satellite TV ☐ 810 Selective Service ☐ 850 Securities/Commodities/ Exchange ☐ 875 Customer Challenge 12 USC 3410 ☐ 900 Appeal of fee determination under equal access to Justice ☐ 950 Constitutionality of State Statutes ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

④

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

28 USC 1331, 2201

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   **DEMAND $** _____   Check YES only if demanded in complaint   **JURY DEMAND:** YES ☐ NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐ NO ☒   If yes, please complete related case form.

DATE 12/20/07   SIGNATURE OF ATTORNEY OF RECORD _____

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT  (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.