IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Case No. 1:07-cv-02326-PLF

THE STATE OF FLORIDA, *ex rel.*
Bill McCollum, Attorney General,

    Plaintiff,

vs.

THE UNITED STATES, THE
UNITED STATES DEPARTMENT
OF THE INTERIOR, and DIRK
KEMPTHORNE, in his official
capacity as Secretary of the United
States Department of the Interior,

    Defendants.
_____/

**PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER (WITH NOTICE) AND REQUEST FOR EXPEDITED TELEPHONIC HEARING**

Pursuant to Fed. R. Civ. P. 65(b), Plaintiff respectfully requests that the Court grant a temporary restraining order against the Defendants, the United States of America, the United States Department of the Interior, and Dirk Kempthorne, in his official capacity as Secretary of the United States Department of the Interior (the "Secretary"). Plaintiff states in support thereof as follows:

1. On December 27, 2007, Plaintiff filed this action for declaratory and injunctive relief seeking to prevent the Secretary from approving a tribal-state class

III gaming compact executed by the Governor of the State of Florida and the Seminole Tribe of Florida on November 14, 2007 (the "Compact") and making the Compact effective through publication in the Federal Register prior to a decision of the Supreme Court of Florida as to its validity. Plaintiff also filed its preliminary injunction motion on the same day.

2. Plaintiff is the State of Florida, one of the sovereign states of the United States of America, acting through its Attorney General. The Florida Supreme Court is currently considering intricate questions of Florida constitutional law governing the relationship and relative responsibilities of the coordinate branches of government as to what constitutes a valid compact. Plaintiff respectfully submits that the Florida Supreme Court should have the opportunity to resolve these state constitutional law questions before the Compact becomes effective, authorizing class III gaming activities that are criminally prohibited in Florida.

3. Upon information and belief, including based on discussions with employees of the United States Department of the Interior, the Compact was approved by the Secretary on December 31, 2007. On the very same day, the Secretary submitted notice of his approval of the Compact to the Office of the Federal Register, National Archives of Records Administration so that the notice

could be published in the Federal Register.

    4. Before the Compact can become effective, the Secretary must publish in the Federal Register notice of his approval or default approval. 25 U.S.C. § 2710(d)(8)(C). The statute states, "[t]he Secretary shall publish in the Federal Register notice of any Tribal-State compact that is approved, or considered to have been approved, under this paragraph." There is no specified time for performing that statutorily mandated act but the action appears to be imminent. Accordingly, in order to preserve the status quo pending final determination of the Compact's validity by the Florida Supreme Court , Plaintiff's action seeks to enjoin the Secretary from performing the ministerial act of publishing notice of his approval of the Compact in the Federal Register. *See generally Comanche Nation v. United States,* 393 F. Supp. 2d 1196 (W.D. Okla. 2005) (enjoining publication of Secretary's notice of approval of a tribal-state gaming compact).

    5. The notice of the Secretary's approval of the Compact may be published in the Federal Register as early as January 4, 2008, based on discussions with employees of the United States Department of the Interior as well as guidance from the Office of the Federal Register, National Archives of Records Administration.

    6. The instant case would be mooted by publication of the Secretary's

notice of approval of the Compact in the Federal Register.

7.  The statute requires the Secretary to publish notice of his approval of the Compact in the Federal Register, but the Office of the Federal Register, National Archives of Records Administration ("NARA") is responsible for publishing the Federal Register.  Plaintiff respectfully submits that NARA is in active concert or participation with Defendants for purposes of publishing the notice of the Secretary's approval of the Compact in the Federal Register and thus will be bound by any temporary restraining order entered by the Court once it receives actual notice of the order.

8.  Plaintiff respectfully submits it should be allowed a hearing on the merits of its preliminary injunction motion and thus asks that the Court grant a temporary restraining order against publication in the Federal Register of the Secretary's notice of approval of the Compact until the Court rules on the preliminary injunction motion.  In the absence of a temporary restraining order, Defendants' post-filing actions will prevent any determination of the merits of this important lawsuit.  Plaintiff is prepared to proceed to the preliminary injunction hearing at the earliest possible time available for the Court and Defendants' counsel.  Plaintiff further requests that the Court enter the temporary restraining order with nominal

security, since Defendants cannot possibly incur any costs or damages due to entry of the temporary restraining order.

9. Pursuant to LCvR 65.1(a), undersigned counsel certifies that he has given actual notice of this motion along with copies of all pleadings and papers filed in the action to date to Defendant's counsel by facsimile transmission and e-mail.  Pursuant to LCvR 7(m), undersigned counsel further certifies that he has contacted Defendants' counsel to discuss this motion and is authorized to state that the motion is opposed.

10. Pursuant to LCvR 78.1, Plaintiff respectfully requests that the Court conduct a telephonic hearing on this motion on an expedited basis.

WHEREFORE, the State of Florida, through its Attorney General, requests the entry of a temporary restraining order against the Defendants prohibiting publication in the Federal Register of the Secretary's notice of approval of the Compact, with the temporary restraining order to remain in effect until the Court decides the preliminary injunction motion.

>Respectfully submitted,
>**BILL McCOLLUM**
>**Attorney General**
>
>*S/ JONATHAN A. GLOGAU*
>Jonathan A. Glogau
>Chief, Complex Litigation
>Florida Bar No. 371823
>jon.glogau@myfloridalegal.com
>Office of the Attorney General
>PL-01, The Capitol
>Tallahassee, Florida 32399-1050
>Telephone: (850) 414-3300
>Facsimile: (850) 488-9134
>Attorney for Plaintiff

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by facsimile transmission and U.S. mail on this 3rd day of January 2008 upon all counsel on the attached service list:

>*S/ JONATHAN A. GLOGAU*
>**Jonathan A. Glogau**

**SERVICE LIST**
Case No. 1:07-cv-02326-PLF

| | |
|---|---|
| EDWARD J. PASSARELLI | JODY H. SCHWARZ |
| edward.passarelli@usdoj.gov | jody.schwarz@usdoj.gov |
| Environmental & Natural Resources Division | Environmental & Natural Resources Division |
| U.S. Department of Justice | U.S. Department of Justice |
| P. O. Box 663 | P. O. Box 663 |
| Washington, D.C. 20044-0663 | Washington, D.C. 20044-0663 |
| Telephone: (202) 305-0468 | Telephone: (202) 305-0245 |
| Facsimile: (202) 305-0506 | Facsimile: (202) 305-0267 |
| *Attorney for Defendants* | *Attorney for Defendants* |